J-S39012-23

2023 PA Super 231

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SUSAN KRANKOWSKI | : | |
| | : | |
| Appellant | : | No. 361 MDA 2023 |

Appeal from the Judgment of Sentence Entered November 16, 2022
In the Court of Common Pleas of Snyder County Criminal Division at
No(s): CP-55-CR-0000424-2021

BEFORE: DUBOW, J., McLAUGHLIN, J., and McCAFFERY, J.

OPINION BY DUBOW, J.: **FILED: NOVEMBER 8, 2023**

Appellant, Susan Krankowski, appeals from the November 16, 2022 judgment of sentence of two years' probation entered in the Snyder County Court of Common Pleas following her conviction for False Reports of Child Abuse.[1] Upon review, we affirm.

On January 15, 2021, Appellant sent an email to Paul Roman, then-vice-principal of Selinsgrove High School, and Matt Conrad, then-principal of Selinsgrove High School with the subject line "Child abuse CYS." The email contained a link to one of Appellant's Facebook posts. The Facebook post stated: "Brian Shambaugh is a child abuser. Brian Shambaugh under color of law misused his authority as a caseworker and without proper jurisdiction subjected my son to physical and sexual abuse of his person and giggled/laughed about it. Later, Shambaugh was elevated to supervisor at

---

[1] 18 Pa.C.S. § 4906.1.

Children and Youth." The Facebook post also contained a screenshot of the Snyder County Children and Youth Services ("the Agency") staff directory. At the time that Appellant sent the email, Appellant's son was a student at Selinsgrove High School. Mr. Roman and Mr. Conrad are both mandated reporters, who proceeded to make a report of suspected child abuse to the Agency pursuant to 23 Pa.C.S. § 6313 ("Childline Report").

Also in January 2021, Appellant called the Agency, identified herself, spoke with Lauren Brandt, an administrative assistant, and informed Ms. Brandt that Mr. Shambaugh sexually assaulted her son in 2011. Appellant asked to speak to the director of the Agency but hung up the phone when Ms. Brandt put her on hold to fulfill Appellant's request. Appellant's phone call prompted the director of the Agency to launch an internal investigation, which revealed that Mr. Shambaugh had never even met Appellant's son, let alone perpetrated abuse against him.

On April 26, 2021, police charged Appellant with False Reports of Child Abuse. The trial court held a bench trial on October 18, 2022, where the court heard testimony from Pennsylvania State Trooper Cameron Wolfberg, Mr. Roman, Mr. Conrad, Ms. Brandt, Appellant's ex-husband, Appellant's son, Mr. Shambaugh, and Agency director Jennifer Evans, who testified in accordance with the above stated recitation of facts. Additionally, Appellant's son testified that he was never physically or sexually abused by Mr. Stambaugh and never informed anyone that he was abused by Mr. Stambaugh.

At the conclusion of the trial, the court found Appellant guilty. On November 16, 2022, the trial court sentenced Appellant to two years' probation and, as a condition of probation, ordered Appellant to submit to a mental health evaluation and follow all recommendations.

Appellant timely appealed. Appellant and the trial court both complied with Pa.R.A.P. 1925.

Appellant raises a sole issue for our review: "Whether the trial court erred/abused its discretion when it determined that [Appellant]'s actions constituted a 'report of child abuse' under [18 Pa.C.S.] § 4906.1." Appellant's Br. at 14.

Appellant concedes that she contacted school officials and the Agency administrator and knowingly made false and defamatory statements regarding child abuse. *Id.* at 17-18. However, Appellant avers that her actions did not constitute a "report" because she did not contact police and did not proceed past making false statements. *Id.* at 17. Appellant argues that there is no language in Section 4906.1 that would indicate a statement made to a mandated reporter would be considered a "report" of child abuse under the statute. *Id.* Finally, Appellant asserts that because her actions did not constitute a "report," the Commonwealth presented insufficient evidence to convict her of False Reports of Child Abuse. *Id.* Essentially, Appellant is requesting that this Court interpret what constitutes a "report" under Section 4906.1 of the Pennsylvania Crimes Code.

This case presents a question of statutory interpretation and, therefore, our standard of review is *de novo*. ***Commonwealth v. Fant***, 146 A.3d 1254, 1260 (Pa. 2016). When interpreting a statute, this Court must apply the Statutory Construction Act of 1972. ***See*** 1 Pa.C.S. §§ 1501–1991. The object of all statutory interpretation is to ascertain and effectuate the intention of the legislature and give effect to all the provisions of the statute. ***Id.*** at § 1921(a). "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." ***Id.*** at § 1921(b). Generally, a statute's plain language provides the best indication of legislative intent. ***Commonwealth v. Shiffler***, 879 A.2d 185, 189 (Pa. 2005). In reading a statute's plain language, "words and phrases shall be construed according to rules of grammar and according to their common and approved usage, while any words or phrases that have acquired a peculiar and appropriate meaning must be construed according to that meaning." ***Id.*** at 189 (citing 1 Pa.C.S. § 1903(a)) (internal quotation marks omitted).

However, when the words of the statute are not explicit, the intention of the legislature may be ascertained by considering, *inter alia*, the occasion and necessity for the statute; the mischief to be remedied; the object to be attained; the consequences of a particular interpretation; the legislative history, and the legislative and administrative interpretations of such statute. 1 Pa.C.S. § 1921(c). Importantly, "while statutes generally should be construed liberally, penal statutes are always to be construed strictly, 1 Pa.C.S. § 1928(b)(1), and any ambiguity in a penal statute should be

interpreted in favor of the defendant." *Shiffler*, 879 A.2d at 189. Finally, when ascertaining the intention of the legislature, we presume that the legislature "does not intend a result that is absurd, impossible of execution or unreasonable" and "intends the entire statute to be effective and certain." 1 Pa.C.S. § 1922(1), (2).

Pursuant to the Pennsylvania Crimes Code, a person commits the crime of False Reports of Child Abuse "if the person intentionally or knowingly makes a false report of child abuse under 23 Pa.C.S. Ch. 63 (relating to child protective services)." 18 Pa.C.S. § 4906.1.

Neither the Pennsylvania Crimes Code nor the Child Protective Services Law ("CPSL") specifically define the term "report" and there is a dearth of case law defining the term. Nevertheless, certain sections of the CPSL are particularly instructive. Section 6302 emphasizes that "[a]bused children are in urgent need of an effective child protective service to prevent them from suffering further injury and impairment." 23 Pa.C.S. § 6302(a). Section 6302 further explains that the purpose of the CPSL is to encourage more complete reporting of child abuse:

> It is the purpose of this chapter to **encourage more complete reporting of child abuse**; to the extent permitted by this chapter, to involve law enforcement agencies in responding to child abuse; and to establish in each county protective services for the purpose of investigating the reports swiftly and competently, providing protection for children from further abuse and providing rehabilitative services for children and parents involved so as to ensure the child's well-being and to preserve, stabilize and protect the integrity of family life wherever

appropriate or to provide another alternative permanent family when the unity of the family cannot be maintained.

*Id.* at § 6302(b) (emphasis added).

Section 6312 sets forth the individuals who are encouraged to report suspected child abuse and how those individuals should report child abuse: "[a]ny person may make an oral or written report of suspected child abuse, which may be submitted electronically, **or cause a report of suspected child abuse to be made to the department**, county agency or law enforcement, if that person has reasonable cause to suspect that a child is a victim of child abuse." *Id.* at § 6312 (emphasis added). Notably, Section 6312 states that a person may either make a report or "cause a report of suspected child abuse to be made," using the two scenarios interchangeably. *See id.*

Section 6311 provides that mandated reporters are required to report suspected child abuse if they have reasonable cause to suspect that a child is a victim of abuse. *Id.* at § 6311(a). Relevant to this appeal, mandated reporters include school employees and employees of a social services agency who have direct contact with children in the course of employment. *Id.* at § 6311(a)(4), (8). A mandated reporter is required to report suspected child abuse in numerous circumstances, including when "a person makes a specific disclosure to the mandated reporter than an identifiable child is the victim of child abuse." *Id.* at § 6311(b)(1)(iii). Finally, a mandated reporter must comply with specific reporting requirements when making a Childline Report,

including making "an oral report to the department via the Statewide toll-free telephone number" and/or "a written report using electronic technologies[.]" *Id.* at § 6313(a)(1).

Since the purpose of the CPSL is to encourage more complete reporting of child abuse and Section 6312 includes both a person making a report and a person causing a report of child abuse "to be made," we are guided by legislative intent to embrace a common-sense interpretation of the word "report" in 18 Pa.C.S. § 4906.1. We disagree with Appellant's argument that the term "report" in Section 4906.1 only includes making a report directly to law enforcement.

Rather, we hold that the term "report" in Section 4906.1 of the Crimes Code includes 1) making a disclosure to a mandated reporter, who is required by law to make a Childline Report and 2) making a disclosure directly to a child protective services agency employee and consequently prompting an investigation. As explained above, once an individual "gets the ball rolling" by disclosing false allegations of child abuse to a mandated reporter, the mandated reporter is required to make a Childline report, and the child protective services agency is required to investigate the allegation. Thus, the reporting of false allegations of child abuse to any mandated reporter has the same effect as making a direct disclosure to Childline or law enforcement. Likewise, if an individual discloses false allegations of child abuse to a child protective services agency employee and an investigation ensues, it has the same effect as making a direct disclosure to Childline or law enforcement. To

hold otherwise would mean that an individual could contact a mandated reporter or a child protective services agency, make false allegations of child abuse which trigger an investigation, and suffer no consequence. This is an absurd and unreasonable result.

Here, Appellant contacted Mr. Roman and Mr. Conrad, who were both school employees and, thus, mandated reporters, and sent them false information that Mr. Shambaugh was abusing her son. Once Appellant informed the mandated reporters about the suspected, *albeit* in this case false, child abuse they had no choice under Section 6311 but to report it. Appellant likewise contacted the Agency and spoke to Ms. Brandt to falsely disclose the abuse, which prompted an investigation. Accordingly, the trial court did not err when it convicted Appellant of False Reports of Child Abuse pursuant to 18 Pa.C.S. § 4906.1.

In sum, we hold that the term "report" in 18 Pa.C.S. § 4906.1 includes 1) making a disclosure to a mandated reporter, who is required by law to make a Childline Report and 2) making a disclosure directly to a child protective services agency employee and consequently prompting an investigation. Therefore, we find that the trial court did not err when it convicted Appellant of False Reports of Child Abuse.

Judgment of sentence affirmed.


Judgment Entered.


Benjamin D. Kohler, Esq.
Prothonotary


Date: 11/8/2023